RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12-05-05
BY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| MAC ARTHUR HOWARD, JR. | CIVIL ACTION NO. 05-1134-P |
| VERSUS | JUDGE HICKS |
| WARDEN VENETIA MICHAEL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Mac Arthur Howard, Jr. ("Petitioner"), pursuant to 28 U.S.C. Section 2254. This petition was received and filed in this Court on June 27, 2005. Petitioner is incarcerated in the David Wade Correctional Center in Homer, Louisiana. He challenges his state court convictions and sentences. He names Warden Venetia Michael as respondent.

On July 23, 1997, Petitioner was convicted of five counts of attempted manslaughter in Louisiana's Eleventh Judicial District Court, Parish of DeSoto. Subsequently, he was sentenced to five consecutive ten year sentences.

In support of this petition, Petitioner alleges the evidence was insufficient to support

his convictions and sentences.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on July 23, 1997. The Louisiana Second Circuit Court of Appeal affirmed his convictions and vacated his sentences and remanded the matter to the trial court with sentencing instructions. State v. Howard, 98-31023 (La. App. 2d Cir. 11/6/98), 731 So.2d 549. Petitioner sought no other direct review of his convictions and sentences. Thus, Petitioner's conviction and sentence became final in November 1998. See La. C.Cr.P. art. 922.

The federal petition currently before the Court was received and filed in this Court on June 27, 2005 and mailed by Petitioner on June 24, 2005. Since the federal clock began ticking in November 1998 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition in or before November 1999. This petition was not filed until June 2005 at the earliest, more than five years too late.

In addition, the post-conviction proceedings and other collateral review conducted by Petitioner do not serve to toll the one-year limitation period as they were not filed within the one-year period. See supra footnote 1. Petitioner claims he filed a motion to correct illegal sentences and an application for post-conviction relief in the Louisiana Eleventh

Judicial District Court in 2004. He claims these proceedings are currently pending. To toll the federal limitation period, a petitioner's application for post-conviction relief or other collateral review must be filed within the federal one-year period. Petitioner did not file his state application for post-conviction relief or other collateral review until 2004, which was after the limitation period had already expired in November 1999.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall

bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 5th day of December 2005.

**MARK L. HORNSBY**
**UNITED STATES MAGISTRATE JUDGE**

**CC:SMH**

H:\PRO SE\2254\RX\Howard.12-05.wpd